**UNITED STATES DISTRICT COURT**
**SOUTHERN DISCTRIC OF NEW YORK**
_____X

UNITED STATES OF AMERICA

               Plaintiff,                        **Index # 15 Cr 333**

            V

Gery Shalon
a/k/a "Garri Shalelashvili"
a/k/a "Gabriel"
a/k/a "Gabi"
a/k/a "Phillipe Mousset"
a/k/a "Christopher Engeham"
Joshua Samuel Aaron
a/k/a "Mike Shields, " and
ZIV ORENSTEIN'
a/k/a "Aviv Stein'"
a/k/a "John Avery",

               Defendants
_____x


## DECLARATION IN SUPPORT OF MOTION TO WITHDRAW

    **ARKADY BUKH**, Esq., an attorney duly licensed to practice law in the state of New York, and admitted to this court, state under penalty of perjury that the following statements are true:

1. I represent Defendant Gery Shalon in the case mentioned above and I make this Declaration in support of motion to withdraw.

2. I filed a Notice of Appearance on September 13, 2016.

3. On September 20, 2016 a Notice of Appearance was filed by a new attorney retained by the defendant Gery Shalon, Michael L Soshnick.

4. Shortly after September 20, 2016 lack of communication have arisen between the defendant and me. Gery Shalon practically stopped the communication with me in reference to the legal matter. This means also

that the defendant stopped to cooperate with a counsel. During my representation I only communicated with the Government limited number of times in reference to the case and several times we had joint meetings, however, most of the communication by the Government and the client was through the attorney Michael L Soshnick.

5. According to the Local Rules 1.4 of the United State District Courts for the Southern and Eastern Districts on New York: *An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.*

6. Pursuant to Rule of Professional Conduct #1.16 C (7) an attorney *may seek to withdraw from further representation of a client if the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively.*

7. Thus, I cannot render the representation because of lack of communication with the client.

8. Because my representation lasted only for short period of time and the defendant retained another attorney, who took over all the communication and decisions making process, there is no prejudice to the defendant will be made by this withdrawal and it would serve the interests of justice for the Court to grant permission to me to withdraw.

9. Under the circumstances described above I respectfully request that the Court permit me to withdraw as a defendant's attorney.

**Dated**: March 1, 2018
       Brooklyn, New York

s/   Arkady Bukh, Esq
_____

Arkady Bukh
Bukh Law Firm, PLLC
1123 Avenue Z,
Brooklyn, NY 11235
t.(718)376-4766

## CERTIFICATE OF SERVICE


I hereby certify that on March 1, 2018 I caused to be filed a copy of the Motion to Withdraw with the Clerk of the Court via CM/ECF system, I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system. In addition, through the defendant's attorney Michael Soshnick Gary Shalon consented with withdrawal.


s/   Arkady Bukh, Esq
_____

Arkady Bukh
Bukh Law Firm, PLLC
1123 Avenue Z,
Brooklyn, NY 11235
t.(718)376-4766