


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

-v.-

GERY SHALON,
a/k/a "Garri Shalelashvili,"
a/k/a "Gabriel,"
a/k/a "Gabi,"
a/k/a "Phillipe Mousset,"
a/k/a "Christopher Engeham,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**<u>TO BE FILED UNDER SEAL</u>**

CONSENT PRELIMINARY
<u>ORDER OF FORFEITURE</u>

S1 15 Cr. 333 (LTS)

WHEREAS, on November 9, 2015, GERY SHALON, a/k/a "Garri Shalelashvili," a/k/a "Gabriel," a/k/a "Gabi," a/k/a "Phillipe Mousset," a/k/a "Christopher Engeham," ("Shalon"); (the "Defendant"), was charged in a twenty-three-count superseding Indictment, S1 15 Cr. 333 (LTS) (the "Indictment"), with one count of conspiracy to commit computer hacking, in violation of Title 18, United States Code, Section 371 (Count One); computer hacking, in violation of Title 18, United States Code, Sections 1030(a)(2)(A), 1030(c)(2)(B), and 2 (Count Two); computer hacking, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B), and 2 (Count Three); conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Four); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Five); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Six through Twelve); wire fraud, in violation of Title

18, United States Code, Sections 1343 and 2 (Count Thirteen); identification document fraud conspiracy, in violation of Title 18, United States Code, Sections 1028(f) and 2 (Count Fourteen); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Fifteen); unlawful internet gambling enforcement act conspiracy, in violation of Title 18, United States Code, Section 371 (Count Sixteen); unlawful internet gambling enforcement act, in violation of Title 31, United States Code, Sections 5363 and 5366, and Title 18, United States Code, Section 2 (Count Seventeen); operation of an illegal gambling business, in violation of Title 18, United States Code, Sections 1955 and 2 (Count Eighteen); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Nineteen); conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Twenty); operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Twenty-One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Counts Twenty-Two through Twenty-Three);

WHEREAS, the Indictment included a forfeiture allegation providing notice that as a result of committing one or more of the offenses alleged in Counts One through Three of the Indictment, the Government is seeking to forfeit, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting or derived from, proceeds obtained directly or indirectly as a result of the offenses alleged in Counts One through Three and pursuant to Title 18, United States Code, Section 1030(i), any interest in any personal property that was used or intended to be used to commit or facilitate the commission of the offenses alleged in Counts One through Three

and any property real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses alleged in Counts One through Three;

WHEREAS, the Indictment included a second forfeiture allegation providing notice that as a result of committing one or more of the offenses charged in Counts Four through Thirteen, and Eighteen through Twenty, of the Indictment, the Government is seeking to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts Four through Thirteen, and Eighteen through Twenty;

WHEREAS, the Indictment included a third forfeiture allegation providing notice that as a result of committing the offense alleged in Count Fourteen of the Indictment, the Government is seeking to forfeit, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting or derived from, proceeds obtained directly or indirectly as a result of the offenses alleged in Count Fourteen and pursuant to Title 18, United States Code, Section 1028(b)(5), any property used or intended to be used to commit the offense alleged in Count Fourteen;

WHEREAS, the Indictment included a fourth forfeiture allegation providing notice that as a result of committing one or more of the offenses alleged in Counts Twenty-One through Twenty-Three of the Indictment, the Government is seeking to forfeit, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offenses alleged in Counts Twenty-One through Twenty-Three, or any property traceable thereto;

WHEREAS, on April 27, 2017, Shalon, the Defendant, pled guilty to Counts One through Twenty-Three in the Indictment pursuant to a plea agreement with the Government;

WHEREAS, under the terms of the plea agreement, Shalon, the Defendant, admitted the forfeiture allegations in the Indictment and now agrees to forfeit to the United States all of his right, title, and interest in any and all funds in the following bank accounts that he has a beneficiary interest in:

i. Any and all funds in Account Number LU28 8067 1718 5147 4636, in the name of Leramo Consulting Limited at Ipay International SA, Luxembourg;

ii. Any and all funds in Account Number CY94002001950000357019221321, in the name of Beewings Limited at Bank of Cyprus, Cyprus;

iii. Any and all funds in Account Number CY44002001950000357019221348, in the name of Beewings Limited at Bank of Cyprus, Cyprus;

iv. Any and all funds in Account Number CY72002001950000357005243241, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

v. Any and all funds in Account Number CY63002001950000357005243306, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

vi. Any and all funds in Account Number CY50002001950000357007243001, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

vii. Any and all funds in Account Number CY30002001950000357008021398, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

viii. Any and all funds in Account Number CY27002001950000357008021355, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

ix. Any and all funds in Account Number CY61002001950000357009256038, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

x. Any and all funds in Account Number CY80020019500000357008021371, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

xi. Any and all funds in Account Number CY67002001950000357018889582, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

xii. Any and all funds in Account Number CY05002001950000357003552670, in the name of Narrowserve Assets Ltd at Bank of Cyprus, Cyprus;

xiii. Any and all funds in Account Number CY40002001950000357003552719, in the name of Narrowserve Assets Ltd at Bank of Cyprus, Cyprus;

xiv. Any and all funds in Account Number CY17002003850000004031710806, in the name of Onirama Investments Ltd at Bank of Cyprus, Cyprus;

xv. Any and all funds in Account Number CY98002001950000357019220279, in the name of Ringo Enterprises Limited at Bank of Cyprus, Cyprus;

xvi. Any and all funds in Account Number 357019220287, in the name of Ringo Enterprises Limited at Bank of Cyprus, Cyprus;

xvii. Any and all funds in Account Number CY94002001950000357005246143, in the name of Sorila Commercial Ltd at Bank of Cyprus, Cyprus;

xviii. Any and all funds in Account Number CY19002001950000357005246135, in the name of Sorila Commercial Ltd at Bank of Cyprus, Cyprus;

xix. Any and all funds in Account Number CY41002001950000357003666870, in the name of Sorila Commercial Ltd at Bank of Cyprus, Cyprus;

xx. Any and all funds in Account Number 0385-40-115928-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxi. Any and all funds in Account Number 0385-40-187697-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxii. Any and all funds in Account Number 0385-40-197285-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxiii. Any and all funds in Account Number 0385-40-216697-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxiv. Any and all funds in Account Number 0385-40-216700-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxv. Any and all funds in Account Number 0385-40-218290-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxvi. Any and all funds in Account Number 0385-40-218304-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxvii. Any and all funds in Account Number 0385-40-218886-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxviii. Any and all funds in Account Number 0385-40-223510-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxix. Any and all funds in Account Number 0385-40-233737-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxx. Any and all funds in Account Number 0385-40-249706-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxxi. Any and all funds in Account Number 0385-40-250534-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxxii. Any and all funds in Account Number 0385-40-250542-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxxiii. Any and all funds in Account Number 0385-42-113003-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxxiv. Any and all funds in Account Number 015501209020, in the name of Valentina Popova at Bank of Cyprus, Cyprus; and

xxxv. Any and all funds in Account Number 015540898100, in the name of Valentina Popova at Bank of Cyprus, Cyprus;

xxxvi. Any and all funds in Account Number GE13BS0000000074236163, in the name of Ideal Seeker Limited at Basis Bank, Georgia;

xxxvii. Any and all funds in Account Number GE13BS0000000074236163, in the name of Ideal Seeker Limited at Basis Bank, Georgia; and

xxxviii. Any and all funds in Account Number GE57BS0000000074236147, in the name of Innovative Garden Limited at Basis Bank, Georgia;

xxxix. Any and all funds in Account Number GE65CR0000000019953612, in the name of Affare Limited at Cartu Bank, Georgia;

xl. Any and all funds in Account Number GE44CR0000000019953602, in the name of Affare Limited at Cartu Bank, Georgia;

xli. Any and all funds in Account Number GE10CR0000001957474506, in the name of Affare Limited at Cartu Bank, Georgia;

xlii. Any and all funds in Account Number GE95CR0000005021394516, in the name of Affare Limited at Cartu Bank, Georgia;

xliii. Any and all funds in Account Number GE79CR0000000014403602, in the name of Ideal Seeker Limited at Cartu Bank, Georgia;

xliv. Any and all funds in Account Number GE37CR0000002220224516, in the name of Ideal Seeker Limited at Cartu Bank, Georgia;

xlv. Any and all funds in Account Number GE89CR0000000014203602, in the name of Innovative Garden Limited at Cartu Bank, Georgia;

xlvi. Any and all funds in Account Number GE45CR0000005021424516, in the name of Milos Menkovic at Cartu Bank, Georgia;

xlvii. Any and all funds in Account Number GE54CR0000005020274516, in the name of Realzone Trading Limited at Cartu Bank, Georgia;

xlviii. Any and all funds in Account Number GE55CR0000000018763602, in the name of Realzone Trading Limited at Cartu Bank, Georgia;

xlix. Any and all funds in Account Number GE76CR0000000018763612, in the name of Realzone Trading Limited at Cartu Bank, Georgia;

l. Any and all funds in Account Number GE93CR0000000019943602, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

li. Any and all funds in Account Number GE17CR0000000019943612, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

lii. Any and all funds in Account Number GE59CR0000001957464506, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

liii. Any and all funds in Account Number GE62CR0000000016133612, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

liv. Any and all funds in Account Number GE04CR0000007006864516, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

lv. Any and all funds in Account Number GE62CR0000000016133612, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

lvi. Any and all funds in Account Number GE41CR0000000016133602, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

lvii. Any and all funds in Account Number GE05CR0000005020284516, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lviii. Any and all funds in Account Number GE12CR0000000000803662, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lix. Any and all funds in Account Number GE14CR0000000000763662, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lx. Any and all funds in Account Number GE73CR0000000019373602, in the name of Supertool Investments Limited at Cartu Bank, Georgia; and

lxi. Any and all funds in Account Number GE94CR0000000019373612, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lxii. Any and all funds in Account Number 240-07-457124-01, in the name of Entersa Limited at Hellenic Bank, Cyprus;

lxiii. Any and all funds in Account Number 240-01-439881-01, in the name of Erpefa Trading Limited at Hellenic Bank, Cyprus;

lxiv. Any and all funds in Account Number 240-07-439881-01, in the name of Erpefa Trading Limited at Hellenic Bank, Cyprus;

lxv. Any and all funds in Account Number 240-01-402849-01, in the name of Ilforno Management Limited at Hellenic Bank, Cyprus;

lxvi. Any and all funds in Account Number 240-01-394182-01, in the name of Plantena Investments Limited at Hellenic Bank, Cyprus;

lxvii. Any and all funds in Account Number 240-07-394182-01, in the name of Plantena Investments Limited at Hellenic Bank, Cyprus;

lxviii. Any and all funds in Account Number 140-01-584400-01, in the name of Sunserve Equities Ltd at Hellenic Bank, Cyprus;

lxix. Any and all funds in Account Number 140-07-584400-01, in the name of Sunserve Equities Ltd at Hellenic Bank, Cyprus;

lxx. Any and all funds in Account Number 240-07-398091-05, in the name of Telisium Limited at Hellenic Bank, Cyprus;

lxxi. Any and all funds in Account Number 240-07-398091-06, in the name of Telisium Limited at Hellenic Bank, Cyprus; and

lxxii. Any and all funds in Account Number 240-07-555002-01, in the name of Warmkal Trading Limited at Hellenic Bank, Cyprus;

lxxiii. Any and all funds in Account Number LV43LAPB0000026063413, in the name of Filipko Konstyantyn at Pasta Bank, Latvia;

lxxiv. Account Number LV16LAPB0000026063414, in the name of Filipko Konstyantyn at Pasta Bank, Latvia;

lxxv. Any and all funds in Account Number LV35LAPB0000066058985, in the name of Katar Enterprises Inc. at Pasta Bank, Latvia; and

lxxvi. Any and all funds in Account Number LV53LAPB0000076052668, in the name of Katar Enterprises Inc. at Pasta Bank, Latvia;

lxxvii. Any and all funds in Account Number 310.051.0010, in the name of Allvitone Systems LP at Schroder & Co Bank AG, Switzerland;

lxxviii. Any and all funds in Account Number 310.051.0002, in the name of Allvitone Systems LP at Schroder & Co Bank AG, Switzerland;

lxxix. Any and all funds on deposit at Schroder & Co Bank AG, Switzerland in the name of Nener Finance Corp;

lxxx. Any and all funds in Account Number 310.083.0002, in the name of Terlinura Alliance LP at Schroder & Co Bank AG, Switzerland;

lxxxi. Any and all funds in Account Number 310.083.0010, in the name of Terlinura Alliance LP at Schroder & Co Bank AG, Switzerland;

lxxxii. $299,900 in United States currency seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

lxxxiii. 767,000 in Israeli Shekels seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

lxxxiv. Black box containing Mont Blank pen seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

lxxxv. Black purse containing three (3) chains seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

lxxxvi. Pink box containing fifteen (15) earrings, bracelet, four (4) rings, and Escada button seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

lxxxvii. Red box containing gold chain and bracelet seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

lxxxviii. Red box containing gold chain seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

lxxxix. Blue box containing a Frank watch seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xc. Two red boxes each containing pearl bracelet seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xci. Red box containing a pearl necklace seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xcii. Red box containing a pearl necklace with pendant seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xciii. Red box containing a chain and two (2) earrings seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xciv. Magnolia white box containing two (2) earrings, bracelet, ring, pendant, three (3) chains seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xcv. Red box containing large gold chain flower seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xcvi. Petek watch seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xcvii. Chopard wristwatch seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;

xcviii. Red box containing a gold chain and three (3) bracelets seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel; and

xcix. White MONTBLANC pen seized on July 21, 2015 by the Israel National Police Cyber Unit, Lahav 433 from the residence of Gery Shalon in Israel;.

((i) through (xcix), collectively, the "Specific Property" and (i) through (lxxxi) the "Subject Accounts" and the funds within the Subject Account, the "Subject Funds");

WHEREAS, the net funds received from the Specific Property are to be applied as a payment towards any future money judgment that may be entered against the Defendant at sentencing;

WHEREAS, Shalon agrees that the Specific Property, including the Subject Funds, represent the proceeds of the Defendants' illegal activities and thus is forfeitable under United States law;

WHEREAS, Shalon represents that he is the beneficial owner of the Subject Accounts and the Subject Funds;

WHEREAS, the Defendant consents to the forfeiture of all of his right, title, and interest in the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of their interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Joon H. Kim, Acting United States Attorney, Assistant United States Attorneys Eun Young Choi and Daniel Tracer, of counsel, and the Defendant, and his counsel, Michael Soshnick, Esq., that:

1. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the foregoing, all of the Defendant GERY SHALON's right, title and interest in the

Specific Property is forfeited to the United States. Any net funds received from the Specific Property are to be applied as a payment towards any future money judgment that may be entered against the Defendant at sentencing.

2. The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so.

3. The Defendant agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the execution of all necessary documentation.

4. The United States Department of Treasury (or its designee) is hereby authorized to seize and take possession of the Specific Property and to hold such property in its secure custody and control pending further order from this Court.

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture, this Consent Preliminary Order of Forfeiture is final as to the Defendant GERY SHALON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

6. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rule G(4)(a) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States shall, for at least thirty (30) consecutive days, publish notice of this Consent Preliminary Order of Forfeiture on the official government internet forfeiture site www.forfeiture.gov.

7. Pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. Pursuant to Title 21, United States Code, Section 853(n), the published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

9. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property, as a substitute for published notice as to those persons so notified.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) and Title 18, United States Code, Section 982(b)(1), in which all third party interests will be addressed.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture the Government is authorized to conduct any discovery needed to identify, locate or dispose of property subject to forfeiture,

including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

12. This Court shall retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Consent Preliminary Order of Forfeiture.

13. The signature page of this Consent Preliminary Order of Forfeiture may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument. Faxed, scanned or email copies of the signature page shall be deemed an original.

14. This Consent Preliminary Order of Forfeiture shall be filed under seal pending further order from this Court.

15. The Clerk of the Court shall forward four certified copies of this order to Assistant United States Attorney Daniel Tracer, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

AGREED AND CONSENTED TO:
JOON H. KIM
Acting United States Attorney
Southern District of New York

By: ______________________ 4/26/17
DANIEL TRACER DATE
Assistant U.S. Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. No. (212) 637-2279

**[SIGNATURES CONTINUED ON THE NEXT PAGE]**

GERY SHALON,
a/k/a "Garri Shalelashvili,"
a/k/a "Gabriel,"
a/k/a "Gabi,"
a/k/a "Phillipe Mousset,"
a/k/a "Christopher Engeham,"

By: [signature] 4/27/17
GERY SHALON DATE

By: [signature] 4/27/17
MICHAEL SOSHNICK, Esq. DATE
Counsel for Shalon
109 Willis Avenue, Suite 112
Mineola, New York 11501
Tel. No. (516) 294-1111

SO ORDERED:

[signature] 4/27/17
HONORABLE LAURA T. SWAIN DATE
United States District Court
Southern District of New York