UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                               :

UNITED STATES OF AMERICA        :

                                               :      CONSENT PRELIMINARY ORDER OF

                                               :      FORFEITURE AS TO SPECIFIC

         -v.-                         :      PROPERTY/MONEY JUDGMENT

                                               :

GERY SHALON,                    :      S1 15 Cr. 333 (LTS)

     a/k/a "Garri Shalelashvili,    :

     a/k/a "Gabriel,"                  :

     a/k/a "Gabi,"                    :

     a/k/a "Phillipe Mousset"      :

     a/k/a "Christopher Engeham,"   :

                                                 :

                      Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on November 9, 2015, GERY SHALON (the "Defendant"), among others, was charged in a twenty-three count Superseding Indictment, S1 15 Cr. 333 (LTS) ("Indictment 15 Cr. 333"), with conspiracy to commit computer hacking, in violation of Title 18, United States Code, Section 371 (Count One); computer hacking, in violation of Title 18, United States Code, Sections 1030(a)(2)(A), 1030(c)(2)(B) and 2 (Count Two); computer hacking, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B), and 2 (Count Three); conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Four); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Five); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Six through Twelve); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Thirteen); identification document fraud conspiracy, in violation of Title 18, United States Code, Sections 1028(f) and 2 (Count Fourteen); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Fifteen); Unlawful Internet

1

Gambling Enforcement Act conspiracy, in violation of Title 18, United States Code, Section 371 (Count Sixteen); Unlawful Internet Gambling Enforcement Act, in violation of Title 31, United States Code, Sections 5363 and 5366, and Title 18, United States Code, Section 2 (Count Seventeen); operation of an illegal gambling business, in violation of Title 18, United States Code, Sections 1955 and 2 (Count Eighteen); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Nineteen); conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Twenty); operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960 and 2 (Count Twenty-One); and money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Counts Twenty-Two and Twenty-Three);

WHEREAS, Indictment 15 Cr. 333 included a forfeiture allegation with respect to Counts One through Three, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts One through Three and pursuant to Title 18, United States Code, Section 1030(i), of any interest in any personal property that was used or intended to be used to commit or facilitate the commission of the offenses alleged in Counts One through Three of Indictment 15 Cr. 333, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts One through Three of Indictment 15 Cr. 333;

WHEREAS, Indictment 15 Cr. 333 included a second forfeiture allegation with respect to Counts Four through Thirteen and Eighteen through Twenty, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal,

2

which constitutes or is derived from proceeds traceable to the offenses alleged in Counts Four through Thirteen and Eighteen through Twenty of Indictment 15 Cr. 333;

WHEREAS, Indictment 15 Cr. 333 included a third forfeiture allegation with respect to Count Fourteen of the Indictment, seeking forfeiture to the United States, pursuant Title 18, United States Code, Section 982(a)(2)(B), of any property constituting or derived from proceeds obtained directly or indirectly as a result of the offense alleged in Count Fourteen and pursuant to Title 18, United States Code, Section 1028(b)(5), any personal property used or intended to be used to commit the offense alleged in Count Fourteen of Indictment 15 Cr. 333;

WHEREAS, Indictment 15 Cr. 333 included a fourth forfeiture allegation with respect to Counts Twenty One through Twenty Three of this Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal involved in the offenses alleged in Counts Twenty One through Twenty Three of  Indictment 15 Cr. 333, or any property traceable to such property;

WHEREAS, on or about the April 20, 2017, the Government filed a forfeiture Bill of Particulars (D.E. 54) providing the Defendant notice of the Government's intention to forfeit, *inter alia*, the following property as a result of the commission of the offenses charged in Indictment 15 Cr. 333:

i.    Any and all funds in Account Number CY9400200195000035701922132, in the name of Beewings Limited at Bank of Cyprus, Cyprus;

ii.    Any and all funds in Account Number CY4400200195000035701922134, in the name of Beewings Limited at Bank of Cyprus, Cyprus;

iii.    Any and all funds in Account Number CY720020019500003570052432, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

iv.    Any and all funds in Account Number CY630020019500003570052433, in the name of Jakuss Andris at

Bank of Cyprus, Cyprus;

v.      Any and all funds in Account Number CY5000200195000035700724300l, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

vi.     Any and all funds in Account Number CY3000200195000035700802l398, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

vii.    Any and all funds in Account Number CY2700200195000035700802l355, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

viii.   Any and all funds in Account Number CY6l00200195000035700925603 8, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

ix.     Any and all funds in Account Number CY800200195000035700802l37l, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

x.      Any and all funds in Account Number CY6700200195000035701888958 2, in the name of Jakuss Andris at Bank of Cyprus, Cyprus;

xi.     Any and all funds in Account Number CY0500200195000357003552670, in the name of Narrowserve Assets Ltd at Bank of Cyprus, Cyprus;

xii.    Any and all funds in Account Number CY4000200195000357003552719, in the name of Narrowserve Assets Ltd at Bank of Cyprus, Cyprus;

xiii.   Any and all funds in Account Number CY170020038500000040317l0806, in the name of Onirama Investments Ltd at Bank of Cyprus, Cyprus;

xiv.    Any and all funds in Account Number CY9800200195000357019220279, in the name of Ringo Enterprises Limited at Bank of Cyprus, Cyprus;

xv.     Any and all funds in Account Number 357019220287, in the name of Ringo Enterprises Limited at Bank of Cyprus, Cyprus;

xvi.    Any and all funds in Account Number CY9400200195000357005246143, in the name of Sorila Commercial Ltd at Bank of Cyprus, Cyprus;

xvii.   Any and all funds in Account Number CY1900200195000357005246135, in the name of Sorila

4

Commercial Ltd at Bank of Cyprus, Cyprus;

xviii. Any and all funds in Account Number CY41002001950000357003666870, in the name of Sorila Commercial Ltd at Bank of Cyprus, Cyprus;

xix. Any and all funds in Account Number 0385-40-115928-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xx. Any and all funds in Account Number 0385-40-187697-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxi. Any and all funds in Account Number 0385-40-197285-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxii. Any and all funds in Account Number 0385-40-216697-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxiii. Any and all funds in Account Number 0385-40-216700-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxiv. Any and all funds in Account Number 0385-40-218290-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxv. Any and all funds in Account Number 0385-40-218304-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxvi. Any and all funds in Account Number 0385-40-218886-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxvii. Any and all funds in Account Number 0385-40-223510-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxviii. Any and all funds in Account Number 0385-40-233737-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxix. Any and all funds in Account Number 0385-40-249706-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxx. Any and all funds in Account Number 0385-40-250534-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxxi. Any and all funds in Account Number 0385-40-250542-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxxii. Any and all funds in Account Number 0385-42-113003-06, in the name of Telisium Ltd C/O Oxford Pocket at Bank of Cyprus, Cyprus;

xxxiii. Any and all funds in Account Number 015501209020, in the name of Valentina Popova at Bank of Cyprus, Cyprus;

xxxiv. Any and all funds in Account Number 015540898100, in the name of

Valentina Popova at Bank of Cyprus, Cyprus;

xxxv. Any and all funds in Account Number GE13BS0000000074236163, in the name of Ideal Seeker Limited at Basis Bank, Georgia;

xxxvi. Any and all funds in Account Number GE57BS0000000074236147, in the name of Innovative Garden Limited at Basis Bank, Georgia;

xxxvii. Any and all funds in Account Number GE65CR0000000019953612, in the name of Affare Limited at Cartu Bank, Georgia;

xxxviii. Any and all funds in Account Number GE44CR0000000019953602, in the name of Affare Limited at Cartu Bank, Georgia;

xxxix. Any and all funds in Account Number GE10CR0000001957474506, in the name of Affare Limited at Cartu Bank, Georgia;

xl. Any and all funds in Account Number GE95CR0000005021394516, in the name of Affare Limited at Cartu Bank, Georgia;

xli. Any and all funds in Account Number GE79CR0000000014403602, in the name of Ideal Seeker Limited at Cartu Bank, Georgia;

xlii. Any and all funds in Account Number GE37CR0000002220224516, in the name of Ideal Seeker Limited at Cartu Bank, Georgia;

xliii. Any and all funds in Account Number GE89CR0000000014203602, in the name of Innovative Garden Limited at Cartu Bank, Georgia;

xliv. Any and all funds in Account Number GE45CR0000005021424516, in the name of Milos Menkovic at Cartu Bank, Georgia;

xlv. Any and all funds in Account Number GE54CR0000005020274516, in the name of Realzone Trading Limited at Cartu Bank, Georgia;

xlvi. Any and all funds in Account Number GE55CR0000000018763602, in the name of Realzone Trading Limited at Cartu Bank, Georgia;

xlvii. Any and all funds in Account Number GE76CR0000000018763612, in the name of Realzone Trading Limited at Cartu Bank, Georgia;

xlviii. Any and all funds in Account Number GE93CR0000000019943602, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

xlix. Any and all funds in Account Number GE17CR0000000019943612, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

l.      Any and all funds in Account Number GE59CR0000001957464506, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia

li.     Any and all funds in Account Number GE62CR0000000016133612, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

lii.    Any and all funds in Account Number GE04CR0000007006864516, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

liii.   Any and all funds in Account Number GE62CR0000000016133612, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

liv.    Any and all funds in Account Number GE41CR0000000016133602, in the name of Ringo Enterprises Limited at Cartu Bank, Georgia;

lv.     Any and all funds in Account Number GE05CR0000005020284516, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lvi.    Any and all funds in Account Number GE12CR0000000000803662, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lvii.   Any and all funds in Account Number GE14CR0000000000763662, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lviii.  Any and all funds in Account Number GE73CR0000000019373602, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lix.    Any and all funds in Account Number GE94CR0000000019373612, in the name of Supertool Investments Limited at Cartu Bank, Georgia;

lx.     Any and all funds in Account Number 240-07-457124-01, in the name of Entersa Limited at Hellenic Bank, Cyprus;

lxi.    Any and all funds in Account Number 240-01-439881-01, in the name of Erpefa Trading Limited at Hellenic Bank, Cyprus;

lxii.   Any and all funds in Account Number 240-07-439881-01, in the name of Erpefa Trading Limited at Hellenic Bank, Cyprus;

lxiii.  Any and all funds in Account Number 240-01-402849-01, in the name of Ilforno Management Limited at Hellenic Bank, Cyprus;

lxiv.   Any and all funds in Account Number 240-01-394182-01, in the name of Plantena Investments Limited at Hellenic Bank, Cyprus;

lxv.    Any and all funds in Account Number 240-07-394182-01, in the name of Plantena Investments Limited at Hellenic Bank, Cyprus;

7

lxvi.   Any and all funds in Account Number 140-01-584400-01, in the name of Sunserve Equities Ltd at Hellenic Bank, Cyprus;

lxvii.   Any and all funds in Account Number 140-07-584400-01, in the name of Sunserve Equities Ltd at Hellenic Bank, Cyprus;

lxviii.   Any and all funds in Account Number 240-07-398091-05, in the name of Telisium Limited at Hellenic Bank, Cyprus;

lxix.   Any and all funds in Account Number 240-07-398091-06, in the name of Telisium Limited at Hellenic Bank, Cyprus;

lxx.   Any and all funds in Account Number 240-07-555002-01, in the name of Warmkal Trading Limited at Hellenic Bank, Cyprus;

lxxi.   Any and all funds in Account Number LV43LAPB0000026063413, in the name of Filipko Konstyantyn at Pasta Bank, Latvia;

lxxii.   Account Number LV16LAPB0000026063414, in the name of Filipko Konstyantyn at Pasta Bank, Latvia;

lxxiii.   Any and all funds in Account Number LV35LAPB0000066058985, in the name of Katar Enterprises Inc. at Pasta Bank, Latvia;

lxxiv.   Any and all funds in Account Number LV53LAPB0000076052668, in the name of Katar Enterprises Inc. at Pasta Bank, Latvia;

lxxv.   Any and all funds in Account Number 310.051.0010, in the name of Allvitone Systems LP at Schroder & Co Bank AG, Switzerland;

lxxvi.   Any and all funds in Account Number 310.051.0002, in the name of Allvitone Systems LP at Schroder & Co Bank AG, Switzerland;

lxxvii.   Any and all funds in Account Number 310.083.0002, in the name of Terlinura Alliance LP at Schroder & Co Bank AG, Switzerland;

lxxviii.   Any and all funds in Account Number 310.083.0010, in the name of Terlinura Alliance LP at Schroder & Co Bank AG, Switzerland;

lxxix.   Any and all funds on deposit at Schroder & Co Bank AG, Switzerland in the name of Nener Finance Corp (the "Nener Account"); and

lxxx.   Any and all funds in Account Number LU28 8067 1718 5147 4636, in the name of Leramo Consulting Limited at Ipay International SA, Luxembourg (the "Ipay Account");

(i through lxxviii, collectively, the "Forfeitable Property");

8

WHEREAS, on or about March 5, 2018, the Government seized $459,415.79 in United States currency from the Ipay Account (the "Ipay Funds");

WHEREAS, on or about October 9, 2018, the Government seized $74,745,279.29 in United States currency from the Nener Account (collectively with the Ipay Funds, the "Seized Funds");

WHEREAS, on or about July 21, 2015, the Israeli government seized the following property from the Defendant:

a.   An OTP device in a police envelope

b.   Transcend CompactFlash 32GB

c.   Envelope containing two SIM cards

d.   Seven SIM cards

e.   Seized item of electronic equipment (Seizure No. 1152227, Item No. 77606159)

f.   A white cardboard package that says 9342 (Seizure No. 1152227, Item No. 77606157)

g.   RSA SecureID

h.   OTP RSA SecureID

i.   DOK

j.   DOK Sandisk cruzer micro

k.   DOK TDK

l.   DOK Sandisk Titanium

m.   DOK 2G

n.   PHILIPS recording device

9

o.      Hard Disk External WD Black + USB Cable

p.      HTC D626ph

q.      LG-E960 nexsus

r.      Porsche Design Portable External Disk, Ran P. 38 and USB Cable

s.      iPhone 6

t.      Laptop Asus R510L Silver Gray and MSI black gray bag + charger

u.      Black iPhone 5s

v.      Samsung Note Black, SIM and memory card

w.      Hard Disk Lacie orange

x.      Macbook Pro

y.      Laptop Asus Eee

z.      Macbook Air Silver

aa.      1,867,582 NIS deposited in a forfeiture fund representing $299,900 in United States currency and 767,000 NIS seized from the Defendant's residence;

(a through aa, collectively the "Seized Property");

WHEREAS, on or about April 26, 2017, the Defendant pled guilty to Counts One through Twenty-Three of Indictment 15 Cr. 333, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Fourteen and Counts Eighteen through Twenty Three of Indictment 15 Cr. 333, and agreed to forfeit to the United States:   (i) any interest in any personal property that was used or intended to be used to commit, or facilitate the commission, of the offenses alleged in Counts One through Three of Indictment 15 Cr. 333, and any property, real or

personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts One through Three of Indictment 15 Cr. 333, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i); (ii) any and all property, real and personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts Four through Thirteen and Counts Eighteen and Nineteen of Indictment 15 Cr. 333, pursuant to Title 18, United States Code, Sections 981(a)(l)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461; (iii) any personal property used or intended to be used to commit the offense alleged in Count Fourteen of Indictment 15 Cr. 333, and any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of the offense alleged in Count Fourteen of Indictment 15 Cr. 333 pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b)(5); (iv) any and all property, including money, used in the offense alleged in Count Eighteen of Indictment 15 Cr. 333, pursuant to Title 18, United States Code, Section 1955(d) and (v) any property, real or personal, involved in the offenses alleged in Counts Twenty through Twenty Three of Indictment 15 Cr. 333, or any property traceable to such property pursuant to Title 18, United States Code, Section 982(a)(l);

WHEREAS, the Government has identified the following additional assets as constituting proceeds the Defendant obtained as a result of the commission of the offenses charged in Count One through Fourteen and Counts Eighteen through Twenty of Indictment 15 Cr. 333 and/or property involved in Counts Twenty One through Twenty Three of Indictment 15 Cr. 333:

     i.    Any and all funds in Account Number GE60CR0000000936273611 in the name of Gery Shalelashvili at JSC Cartu Bank;

ii.    Any and all funds in Account Number GE57CR0000005021184516 in the name of Gery Shalelashvili at JSC Cartu Bank;

iii.    Any and all funds in Account Number GE16CR0000000019963612 in the name of Option Ground Ltd at JSC Cartu Bank;

iv.    Any and all funds in Account Number GE46CR0000005021404516 in the name of Option Ground Ltd at JSC Cartu Bank;

v.    Any and all funds in Account Number GE25CR0000007017114516 in the name of Option Ground Ltd at JSC Cartu Bank;

vi.    Any and all funds in Account Number GE84CR0000000016663612 in the name of Aliner Ltd at JSC Cartu Bank;

vii.    Any and all funds in Account Number GE82CR0000002220294516, in the name of Aliner Ltd at JSC Cartu Bank;

viii.    Any and all funds in Account Number GE45CR0000000019383612 in the name of Direct Finance Ltd., at JSC Cartu;

ix.    Any and all funds in Account Number GE78CR0000000077893612 in the name of Direct Finance Ltd., at JSC Cartu;

x.    Any and all funds in Account Number GE24CR0000000019383602 in the name of Direct Finance Ltd., at JSC Cartu;

xi.    Any and all funds in Account Number GE50CR0000000435413612 in the name of BET Services N.V., at JSC Cartu Bank;

xii.    Any and all funds in Account Number GE85CR0000002220234516, in the name of BET Services N.V., at JSC Cartu Bank;

xiii.    Any and all funds in Account Number GE69CR0000000015993612 in the name of Kontur LP, at JSC Cartu Bank;

xiv.    Any and all funds in Account Number GE41CR0000000015583612 in the name of Artset Company Corp, at JSC Cartu Bank;

xv.    Any and all funds in Account Number GE84CR0000002220254516, in the name of Artset Company Corp, at JSC Cartu Bank;

xvi.    Any and all funds in Account Number GE07CR0000000011963602 in the name of Themo Business Ltd., at JSC Cartu Bank;

12

xvii.   Any and all funds in Account Number GE56CR0000000011953602 in the name of Dyna International Holding Ltd, at JSC Cartu Bank;

xviii.   Any and all funds in Account Number GE98TB7773045164400001 in the name of Gery Shalelashvili, at JSC TBC Bank;

xix.   Any and all funds in Account Number GE45TB7007730366100014 in the name of Gery Shalelashvili, at JSC TBC Bank;

xx.   Any and all funds in Account Number GE27TB7272645061700001, in the name of Robert Shalelashvili, at JSC TBC Bank;

xxi.   Any and all funds in Account Number GE89VT6600000008623602, in the name of Aliner Ltd, at JSC VTB Bank;

xxii.   Any and all funds in Account Number GE41VT6600000008613602, in the name of Kontur LP, at JSC VTB Bank;

xxiii.   202.45 in Bitcoin that were seized by the Federal Bureau of Investigation from a digital wallet with the public address ending in y2Bx, on or about September 26, 2016 (the "Bitcoin Property");

xxiv.   Any and all assets of Nener Finance Corp.; and

xxv.   Any and all assets of BigTree Solutions Inc. and BigTree Solutions LLC, including but not limited to any assets or interests purportedly transferred from BigTree Solutions to DeliverLogic, Inc.

(i through xxv, collectively with the Seized Property, the Forfeitable Property and the Seized Funds, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $413,721,087 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Fourteen and Eighteen through Twenty of Indictment 15 Cr. 333, that the Defendant personally obtained and/or property involved in the offenses charged in Counts Twenty-One through Twenty-Three of Indictment 15 Cr. 333, for which the Defendant is jointly and severally liable with co-defendants Joshua

Samuel Aaron, Ziv Orenstein, and Andrei Tyurin, to the extent money judgments are entered against Joshua Samuel Aaron, Ziv Orenstein, and Andrei Tyurin;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the "Specific Property", which constitutes proceeds of the offenses charged Counts One through Fourteen and Counts Eighteen through Twenty of Indictment, 15 Cr. 333 that the Defendant personally obtained, and/or property involved in the offenses charged in Counts Twenty-One through Twenty-Three of Indictment 15 Cr. 333;

WHEREAS, the Defendant further consents for the Israeli government to release the Specific Property to the United States;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Fourteen and Eighteen through Twenty of Indictment 15 Cr. 333 that the Defendant personally obtained and the property involved in Counts Twenty-One through Twenty-Three of Indictment 15 Cr. 333, with the exception of the Specific Property, cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant

14

United States Attorneys Eun Young Choi, and the Defendant GERY SHALON, and his counsel, Paul Lewis Shechtman, Esq., (collectively, the "Parties") that:

1.      As a result of the offenses charged in Counts One through Twenty Three of Indictment 15 Cr. 333, to which the Defendant pled guilty, a money judgment in the amount of $413,721,087 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Fourteen and Eighteen through Twenty of Indictment 15 Cr. 333 that the Defendant personally obtained, and/or the property involved in Counts Twenty-One through Twenty-Three of Indictment 15 Cr. 333, shall be entered against the Defendant, for which the Defendant is jointly and severally liable with co-defendants Joshua Samuel Aaron, Ziv Orenstein, and Andrei Tyurin, to the extent a money judgments are entered against Joshua Samuel Aaron, Ziv Orenstein, and Andrei Tyurin.

2.      As a result of the offenses charged in Counts One through Twenty Three of Indictment 15 Cr. 333, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      With regard to the Bitcoin Property:

a.      The United States is hereby authorized to conduct an interlocutory sale of the Bitcoin Property in advance of the entry of a Final Order of Forfeiture.

b.      In furtherance of the interlocutory sale, the Defendant GERY SHALON shall execute promptly any documents which may be required to convey clear title to the Bitcoin Property and complete the interlocutory sale of the Bitcoin Property.

c.      The net proceeds from the sale of the Bitcoin Property will include all moneys realized from the sale of the Bitcoin Property, except for the following: any costs of sale, sales commission, and other costs and expenses incurred by the Federal Bureau of Investigation (the "FBI") and/or the United States Marshals Service (the "USMS") to effectuate the sale.

d.      The net proceeds shall be made payable to the United States Marshals Service (or its designee) and shall be held by the United States Marshals Service (or its designee) in the Seized Asset Deposit Fund pending entry of a final order of forfeiture and will serve as a substitute res for the Bitcoin Property (the "Substitute Res") in the above-captioned case, with all claims and defenses applicable to the Bitcoin Property, including any other action that may be brought by the Office for forfeiture of the Bitcoin Property or claims by third parties, to apply instead to the Substitute Res.

e.      Upon entry of a Final Order of Forfeiture as to the Bitcoin Property, the Substitute Res shall be forfeited to the United States and the USMS (or a designee) shall be authorized to deposit the funds representing the Substitute Res into the Assets Forfeiture Fund.

f.      The Defendant GERY SHALON is hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, USMS, Department of Justice, and the United States

Attorney's Office for the Southern District of New York, in connection with, or arising out of, the United States' seizure, custody and interlocutory sale of the Bitcoin Property.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, GERY SHALON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6. The United States Department of Treasury is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the

17

government internet site, www.forfeiture.gov.   This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.   Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.   All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14.     The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce the authorization of the sale of the Bitcoin Property and to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15.     The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

16.     The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:
AUDREY STRAUSS
Acting United States Attorney
Southern District of New York

By:     _____          January 6, 2021
        EUN YOUNG CHOI                        _____
        Assistant U.S. Attorney                      DATE
        One St. Andrew's Plaza
        New York, New York 10007
        Tel. No. (212) 637-2187

GERY SHALON

By:     _____          _____
        Gery Shalon                                  DATE
        *(Defendant)*

By:     _____          _____
        Paul L. Shechtman, Esq.                      DATE
        *(Counsel for the Defendant)*
        Bracewell LLP
        1251 Avenue of the Americas, 49th Floor
        New York, New York 10020
        Tel. No. (212) 508-6100

SO ORDERED:

_____          _____
HONORABLE LAURA TAYLOR SWAIN                        DATE
United States District Court
Southern District of New York

20

16.     The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:
AUDREY STRAUSS
Acting United States Attorney
Southern District of New York


By:  _____            January 6, 2021
      EUN YOUNG CHOI                          DATE
      Assistant U.S. Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      Tel. No. (212) 637-2187


GERY SHALON


By:  _____            1 | 7 | 21
      Gery Shalon                             DATE
      (Defendant)


By:  _____            1 | 7 | 21
      Paul L. Shechtman, Esq.                 DATE
      (Counsel for the Defendant)
      Bracewell LLP
      1251 Avenue of the Americas, 49th Floor
      New York, New York 10020
      Tel. No. (212) 508-6100


SO ORDERED:


  /s/ Laura Taylor Swain                     1/8/2021
_____                 _____
HONORABLE LAURA TAYLOR SWAIN                  DATE
United States District Court
Southern District of New York


20