UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| -v.- | : **SECOND PRELIMINARY** |
| | : **ORDER OF FORFEITURE** |
| GERY SHALON, | : **AS TO SPECIFIC PROPERTY** |
| a/k/a "Garri Shalelashvili, | : |
| a/k/a "Gabriel" | : S1 15 Cr. 333 (LTS) |
| a/k/a "Gabi" | : |
| a/k/a "Phillipe Mousset" | : |
| a/k/a "Christopher Engeham" | : |
| | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on November 9, 2015, GERY SHALON (the "Defendant"), among others, was charged in a twenty-three count Superseding Indictment, S1 15 Cr. 333 (LTS) ("Indictment"), with conspiracy to commit computer hacking, in violation of Title 18, United States Code, Section 371 (Count One); computer hacking, in violation of Title 18, United States Code, Sections 1030(a)(2)(A), 1030(c)(2)(B) and 2 (Count Two); computer hacking, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B), and 2 (Count Three); conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Four); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Five); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Six through Twelve); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Thirteen); identification document fraud conspiracy, in violation of Title 18, United States Code, Sections 1028(f) and 2 (Count Fourteen); aggravated identity theft, in violation of Title 18, United States Code, Section 1028A and 2 (Count Fifteen); Unlawful Internet Gambling Enforcement Act conspiracy, in violation of Title 18, United States

Code, Section 371 (Count Sixteen); Unlawful Internet Gambling Enforcement Act, in violation of Title 31, United States Code, Sections 5363 and 5366, and Title 18, United States Code, Section 2 (Count Seventeen); operation of an illegal gambling business, in violation of Title 18, United States Code, Sections 1955 and 2 (Count Eighteen); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Nineteen); conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Twenty); operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960 and 2 (Count Twenty-One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Counts Twenty-Two and Twenty-Three);

WHEREAS, the Indictment included a forfeiture allegation with respect to Counts One through Three, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts One through Three and pursuant to Title 18, United States Code, Section 1030(i), of any interest in any personal property that was used or intended to be used to commit or facilitate the commission of the offenses alleged in Counts One through Three of the Indictment, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses alleged in Counts One through Three of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation with respect to Counts Four through Thirteen and Eighteen through Twenty, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal, which constitutes or is derived from

proceeds traceable to the offenses alleged in Counts Four through Thirteen and Eighteen through Twenty of the Indictment;

WHEREAS, the Indictment included a third forfeiture allegation with respect to Count Fourteen of the Indictment, seeking forfeiture to the United States, pursuant Title 18, United States Code, Section 982(a)(2)(B), of any property constituting or derived from proceeds obtained directly or indirectly as a result of the offense alleged in Count Fourteen and pursuant to Title 18, United States Code, Section 1028(b)(5), any personal property used or intended to be used to commit the offense alleged in Count Fourteen of the Indictment;

WHEREAS, the Indictment included a fourth forfeiture allegation with respect to Counts Twenty One through Twenty Three of this Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any property, real or personal involved in the offenses alleged in Counts Twenty One through Twenty Three of the Indictment;

WHEREAS, on or about April 26, 2017, the Defendant pled guilty to, *inter alia*, Counts One through Twenty-Three of the Indictment pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Fourteen and Counts Eighteen through Twenty-Three of Indictment;

WHEREAS, on or about March 25, 2021, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E.178), which imposed a forfeiture money judgment in the amount of $413,721,087 in United States currency (the "Money Judgment") and ordered the forfeiture to the United States of all right, title and interest of Defendant in certain assets as constituting proceeds of the offenses charged Counts One through Fourteen and Counts Eighteen through Twenty of the Indictment that the Defendant personally obtained, and/or property involved in the offenses

charged in Counts Twenty-One through Twenty-Three of Indictment;

WHEREAS, since the entry of the Preliminary Order of Forfeiture the Government has located additional property that constitutes proceeds of the offenses charged Counts One through Fourteen and Counts Eighteen through Twenty of the Indictment that the Defendant personally obtained, and/or property involved in the offenses charged in Counts Twenty-One through Twenty-Three of Indictment, specifically:

    i.    Any and all funds in Account Number GE70CR0000005008314516, in the name of Savinion Export LP at Cartu Bank, Georgia

(the "Specific Property");

WHEREAS, pursuant to 32.2(e)(1)(a) of the Federal Rules of Criminal Procedure the Court may, on the Government's motion, enter an order of forfeiture to include property located and identified after an original forfeiture order was entered;

WHEREAS, the Government seeks to amend the Preliminary Order pursuant to Rule 32.2(e)(1)(a) and to forfeit all of the Defendant's right, title and interest in the Specific Property, which constitutes which constitutes proceeds of the offenses charged Counts One through Fourteen and Counts Eighteen through Twenty of the Indictment that the Defendant personally obtained, and/or property involved in the offenses charged in Counts Twenty-One through Twenty-Three of Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Fourteen, Counts Eighteen through Twenty-Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Second Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, GERY SHALON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Second Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. The Court shall retain jurisdiction to enforce this Second Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

/s/ Laura Taylor Swain, Chief USDJ          9/18/2024
_____          _____
HONORABLE LAURA T. SWAIN                     DATE
United States District Court
Southern District of New York